Jodi K. Swick No. 228634
Edward J. Valdespino No. 272754
**EDISON, McDOWELL & HETHERINGTON LLP**
1 Kaiser Plaza, Suite 1010
Oakland, CA 94612
Telephone: 510.628.2145
Facsimile: 510.628.2146
Email: jodi.swick@emhllp.com
edward.valdespino@emhllp.com

Attorneys for Defendants
AMERICAN GENERAL LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JERRY STEVENS, STEVEN A. BENSON and DAVID ADAMS<br><br>Defendants. | No. 2:14-CV-3156<br><br>**PLAINTIFF AMERICAN GENERAL LIFE INSURANCE COMPANY'S ORIGINAL COMPLAINT FOR DECLARATORY RELIEF AND RESCISSION** |

Plaintiff, American General Life Insurance Company, a Texas corporation, by and through its undersigned counsel, files this Original Complaint for Declaratory Judgment and Rescission against Defendant Jerry Stevens as follows:

**INTRODUCTION**

1. This is an action for declaratory relief and rescission brought against Jerry Stevens, Steven A. Benson and David Adams seeking a declaration that four separate $500,000 term life insurance policies bearing the numbers 212020992, 212020993, 212020994 and 212020995 (the "Policies") are null, void, and rescinded *ab initio* due to the material misrepresentations, omission, concealments, or statements made on Policy

00377737.DOCX

Applications. This action, seeking rescission of the Policies and a declaration that no insurance was ever in effect, is brought pursuant to the Federal Declaratory Judgment Statute, 28 U.S.C. §§ 2201, et seq., and Federal Rule of Civil Procedure 57.

## PARTIES

2. American General is a Texas insurance company authorized to transact the business of insurance in California. American General is organized under the laws of Texas and its principal place of business is located in Houston, Texas. As such, American General is a citizen of the state of Texas within the meaning and intent of 28 U.S.C. § 1332.

3. Defendant Jerry Stevens ("Stevens") is a resident of and domiciled in Los Angeles County, California. As such, Stevens is a citizen of the State of California within the meaning and intent of 28 U.S.C. § 1332.

4. Defendant Steven A. Benson ("Benson") is a resident of and domiciled in Snohomish County, Washington. As such, Benson is a citizen of the State of Washington within the meaning and intent of 28 U.S.C. § 1332.

5. Defendant David Adams ("Adams") is a resident of and domiciled in Los Angeles County, California. As such, Adams is a citizen of the State of California within the meaning and intent of 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over all parties of this lawsuit under 28 U.S.C. § 1332(a)(1) because American General is a citizen of a different state (Texas) than each Defendant (California or Washington) and the amount in controversy exceeds $75,000, exclusive of attorneys' fees, interest, and costs. Therefore, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

7. This Court has jurisdiction over this declaratory judgment action pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202 which grant the United States District Courts jurisdiction to declare the "rights and other legal relations of

1 any interested party making such a declaration, whether or not further relief is or could be
2 sought."

3     8.    Venue is proper for this action pursuant to 28 U.S.C. § 1391 because
4 Stevens and Adams reside in Los Angeles County, the Policy Applications for all four
5 policies were taken in Los Angeles County California, and the policies were issued as
6 California contracts. All or a substantial portion of the events giving rise to the cause of
7 action asserted herein occurred in the state of California.

## FACTUAL BACKGROUND

9     9.    American General is, and during all relevant times has been, in the business
10 of underwriting and issuing policies of life insurance and is authorized to transact business
11 in the state of California.

12     10.    On April 28, 2012, four applications for life insurance were completed in
13 writing to AGLIC seeking the issuance of the Policies insuring the life of defendant, Jerry
14 Stevens. Upon information and belief, Jerry Stevens, or some other person, applied for
15 these policies (hereafter the "applicant").

16     11.    The April 28, 2012 applications contained the following affirmations and
17 notices:

> I, the Primary Proposed Insured (and any Owner or Additional Proposed Insured signing below), by my signature set forth hereafter:
>
> Agree that all statements and answers in this application are complete and true to the best of my knowledge and belief and are the basis for any policy issued by the Company and agree that no information shall be deemed to have been given to the Company unless it is set forth in this application or in any supplemental application.
>
> Notice: If a proposed Insured's answers on this application are incorrect or untrue, the Company may have the right to deny benefits and/or rescind coverage.

    12.    On May 3, 2012, an independent medical examiner submitted an additional application to AGLIC for the Policies.

-3-

13. The May 3, 2012 application contained the following affirmations and notices:

> I agree that all statements and answers in this application are complete and true to the best of my knowledge and belief. I agree that this application will become a part of the policy applied for and any policy will be issued on the basis of my answers and statements. I agree that no agent of the Company or the Medical Examiner has authority to waive any answer or otherwise modify this application or bind the Company in any way by making any promise or representation which is not set out in writing in this application.

14. On the basis of statements and representations contained on the April 28, 2012 and the May 3, 2012 applications and in reliance on the applicant's complete candor, honesty, and openness in disclosing information in response to the questions presented on the Applications, American General approved and delivered the Policies each with an effective date of June 18, 2012. Each one of the Policies was issued to provide a death benefit of $500,000.

15. Four policy change applications dated June 15, 2012 were completed in writing to AGLIC requesting the Policies be issued as a different term life policy plan, the addition of premium waiver benefits, a premium mode change and the removal of the accelerated benefit rider from policy no. 212020995. The policy change applications contain the same material misrepresentations and omissions regarding Steven's health and medical history as the April 28, 2012 applications. These changes were approved on July 10, 2012 and processed on July 11, 2012.

16. The policy change applications contain the following Acknowledgement:

> I, the Primary Proposed Insured (and any Owner or Additional Proposed Insured signing below), by my signature set forth hereafter:
>
> AGREE to the following:
>
> (a) All statements and answers in this application are complete and true to the best of my knowledge and belief.
> (b) If the policy is reinstated and/or coverage under the policy is increased, each element of coverage will be subject to all policy limitations and provisions applicable to such element of coverage, including but not limited to, all incontestable and suicide provisions,

-4-

17. The applicant responded to clear, direct questions seeking material information regarding his history of treatment, consultations, and diagnosis of medical illnesses or diseases. The answers provided to certain of these questions were false and/or materially incomplete and were material to American General's acceptance of the risk assumed.[1]

18. In completing the April 28, 2012 applications, the May 3, 2012 application and the June 15, 2012 applications (collectively, the "Applications"), a series of questions seeking material information regarding, among other things, the health and medical history of Stevens. In completing the Applications, the applicant knew that he was required to provide complete, accurate, and honest answers to the questions presented on the Applications. The applicant also knew that American General would rely upon the answers recorded on the Applications in determining whether Jerry Stevens was insurable and qualified for the insurance sought through the Applications.

19. By an Absolute Assignment of Life Insurance Policy dated February 12, 2013, ownership of policy number 212020992 was assigned to Benson, who as assignee received ". . . all incidents of ownership and control, and all right, title and interest in . . . " policy number 212020992.

20. By an Absolute Assignment of Life Insurance Policy dated February 12, 2013, ownership of policy number 212020993 was assigned to Adams, who as assignee received ". . . all incidents of ownership and control, and all right, title and interest in . . . " policy number 212020993.

21. The applicant made misrepresentations of material fact, concealed material facts, and/or otherwise failed to accurately, honestly, and/or truthfully answer and disclose material information in response to the questions presented on the Applications regarding his health and medical history. The applicant either intentionally or unintentionally made

---

[1] Pursuant to federal privacy laws and the Federal Rules of Civil Procedure, American general is not in a position to further elaborate on the exact nature of the material misrepresentations made to American General by Nick Williams. If required at some later time, American General will file relevant materials under seal with the court.

**AMERICAN GENERAL'S ORIGINAL COMPLAINT FOR DECLARATORY RELIEF**

the misrepresentations knowing American General would rely on them when assessing the Applications. American General did in fact rely on these representations in assessing the risk and/or hazard to be assumed and did not know that these representations were false. Had the applicant provided accurate responses on the Applications, American General, in good faith, would not have issued the Policies. The answers were material to American General's decision to issue the Policies.

22. American General brings this action seeking rescission of the Policies and an order declaring the Policies void *ab initio*.

WHEREFORE, American General prays for judgment as set forth below.

## COUNT I – CLAIM FOR DECLARATORY RELIEF

23. American General incorporates herein each of its allegations contained in paragraphs 1-22 above.

24. An actual controversy has arisen and now exists between American General and Defendants concerning their respective rights and duties under the Policies. American General contends that, by reason of the material misrepresentations in the Applications as set forth above, and pursuant to the Federal Declaratory Judgment Statute, 28 U.S.C. § 2201 et seq., the Policies are null, void, and rescinded *ab initio* and that no insurance ever began in effect due to the fraudulent and/or material misrepresentations and omission that the applicant made on the Applications.

25. The misrepresentations, omissions, concealment of facts, and incorrect statements on the Applications were material and constitute grounds for rescission. If the true facts and information had been made known to American General as required by the Applications, the information would have caused American General's underwriters to reject the Applications. Thus, the misstated or concealed information reasonably could be considered as affecting American General's decision as to whether or not to enter into the contracts, in estimating the degree or character of the risk, or in fixing the premiums.

26. American General desires a judicial determination and declaration of the parties' respective rights and duties under the Policies. Specifically, American General desires a declaration that the Policies are null, void, and rescinded *ab initio*.

27. A judicial determination is necessary and appropriate at this time so that American General can determine the nature and extent of its obligations, if any, to the Defendants.

28. American General stands ready, willing, and able to refund or otherwise make payment of all or any portion of the premiums paid on the Policies as directed by the Court in accordance with American General's demand for rescission of the Policies and restitution of the parties to their pre-contract positions insofar as possible and equitable.

WHEREFORE, American General prays for judgment against Defendants Stevens, Benson and Adams as follows:

1. an order declaring and adjudging the Policies of life insurance bearing Policy Numbers 212020992, 212020993, 212020994 and 212020995 to be null, void, and rescinded *ab initio*;

2. an order awarding American General its costs of suit; and

3. an order awarding such other relief as the Court deems equitable and just to American General.

Dated: April 24, 2014

EDISON, MCDOWELL, & HETHERINGTON LLP

By /s Jodi K. Swick
Jodi K. Swick
Edward Valdespino

Attorneys for Defendants
AMERICAN GENERAL LIFE INSURANCE COMPANY

**AMERICAN GENERAL'S ORIGINAL COMPLAINT FOR DECLARATORY RELIEF**